QUESTION: Will the self-proving clause attached to a will which is properly executed in another state by a domiciliary of Florida who is a member of the Armed Forces of the United States be given effect where the acknowledgment is performed before either of the following classes of officers: A notary public of another state or a commissioned officer in active service of the Armed Services of the United States?
SUMMARY: The affidavits and acknowledgments provided for by s. 731.071, F.S., or s. 732.503, F.S. (1974 Supp.), (after 7-1-75), to make a will self-proved in Florida may be taken or administered before a notary public of another state, territory, or district of the United States who has a seal in such state, territory, or district and who is authorized by the laws of such state, territory, or district to take or administer oaths, affidavits, and acknowledgments. Such affidavits and acknowledgments may also be taken or administered before a commissioned officer in active service of the Armed Forces of the United States, provided each person whose affidavit or acknowledgment is taken is a member of the Armed Forces of the United States, the spouse of such member, or a person whose duties require his presence with the Armed Forces of the United States. Under s. 731.07(5), F.S., and s.732.502(3), F.S. (1974 Supp.), (after 7-1-75), bequests or devises to subscribing witnesses are void unless there are at least two other disinterested subscribing witnesses. For the reasons hereinafter stated, this question is answered in the affirmative as to both classes of officers. The present statutory provisions for making a will self-proved in this state were enacted by Ch. 73-8, Laws of Florida, and appear at s. 731.071, F.S. These provisions will continue in effect until July 1, 1975, which is the effective date of Ch. 74-106, Laws of Florida. On the effective date of Ch. 74-106, s. 731.071 will be repealed and the statutory provisions for making a will self-proved will thereafter be as provided in s. 732.503, F.S. (1974 Supp.), which is a new section created by Ch. 74-106. The conclusions which follow are applicable to both the present statute and the statute which will go into effect on July 1, 1975. The present statute (s. 731.071, F.S.) requires that the acknowledgment and affidavits required to make a will self-proved be "made before an officer authorized to administer oaths under Florida law. . . ." Turning first to the question of acknowledgment before a notary public in another state, s. 90.01(2), F.S., provides, inter alia: Oaths, affidavits and acknowledgments required or authorized under the laws of this state, may be taken or administered in any other state, territory or district of the United States, before any . . . notary public . . . having a seal, in such state, territory or district; provided, however, such officer or person is authorized under the laws of such state, territory or district to take or administer oaths, affidavits and acknowledgments. It is clear from the foregoing that the affidavits and acknowledgments provided for by s. 731.071, F.S., may be taken and administered before a notary public of another state, territory, or district of the United States who has a seal in such state, territory, or district and who is authorized by the laws of such state, territory, or district to take or administer oaths, affidavits, and acknowledgments. Similarly, with respect to the question of acknowledgment before a commissioned officer in active service of the Armed Forces of the United States, s. 90.011(1), F.S., provides: (1) Oaths, affidavits and acknowledgments required or authorized by the laws of this state may be taken or administered within or without the United States by or before any commissioned officer in active service of the armed forces of the United States with the rank of second lieutenant or higher in the army, air force or marine corps or ensign or higher in the navy or coast guard when the person required or authorized to make and execute the oath, affidavit or acknowledgment is a member of the armed forces of the United States, the spouse of such member or a person whose duties require his presence with the armed forces of the United States. I have no doubt that on the basis of the foregoing statutory provision the affidavits and acknowledgments provided for by s. 731.071, F.S., may be taken and administered before a commissioned officer in active service of the Armed Forces of the United States, provided that each person who makes such an affidavit or acknowledgment "is a member of the Armed Forces of the United States, the spouse of such member or a person whose duties require his presence with the Armed Forces of the United States." By way of caveat, your attention is directed to s. 731.07(5), F.S., which makes void all devises and bequests to a subscribing witness to a will unless there are at least two other disinterested subscribing witnesses to the will. Substantially identical language appears in s. 732.502(3), F.S. (1974 Supp.), created by Ch. 74-106, supra, and will become effective July 1, 1975. Accordingly, care should be used in the selection of witnesses to a will and no beneficiary named in the will should be a subscribing witness thereto. It should also be noted that in AGO 074-66, I concluded: A notary public before whom a will is acknowledged and sworn to, or self-proved, pursuant to Ch. 73-8, Laws of Florida, cannot also serve as a witness to the will, because he is without authority to administer an oath to himself. Upon the effective date of Ch. 74-106, supra, s. 732.503, F.S. (1974 Supp.), will require that the affidavits and acknowledgments necessary to make a will self-proved be made "before an officer authorized to administer oaths under any state law . . . ." (Emphasis supplied.) The foregoing conclusions as to the effect of ss. 90.01(2) and 90.011(1), F.S., read with s. 731.071, F.S., will be equally applicable to s. 732.503, supra, upon the effective date thereof (July 1, 1975). Attention is also directed to ss. 695.03(2) and 695.031, F.S., which contain provisions similar to those of ss. 90.01(2) and 90.011(1), supra, respecting acknowledgment of instruments concerning real property.